IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01516-ZLW

OLOYEA D. WALLIN,

    Plaintiff,

v.

DENVER JUVENILE DISTRICT COURT,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

On August 1, 2012, Plaintiff, Oloyea D. Wallin, submitted a Motion for Postjudgment Relief Pursuant to Fed. R. Civ. P. 60(b), ECF No. 19. The Court must construe the Motion liberally because Mr. Wallin is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Mr. Wallin's Motion was filed more than twenty-eight days after the Court's Order of Dismissal and Judgment were entered

on August 28, 2006. The Motion properly is filed as a Motion to Reconsider under Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Wallin fails to demonstrate some reason why the dismissal should be reconsidered and vacated. Therefore, the Court finds Mr. Wallin fails to assert extraordinary circumstances that justify granting the relief he seeks under Rule 60(b).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Wallin files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Motion to Reconsider, ECF No. 19, filed on August 1, 2012, is denied. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of    August    , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court